## MONROE BURLESON v. STATE.

No. A-7481. Opinion Filed June 5, 1930.
Rehearing Denied June 28, 1930.
(289 Pac. 364.)

Roy White, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $300 and confinement in the county jail for a period of 90 days.

Defendant first complains that the court erred in overruling his challenge to the entire panel of the jury. Defendant alleges as a ground for such challenge that the defendant had been tried on the 21st day of May, 1929, by a jury impaneled in the county court from the regular jury panel, and that three days later he was about to be put upon trial for violating the prohibitory liquor laws before the same panel of jurors, and that by reason of the fact that a part of the panel had found the defendant guilty of violating the prohibitory liquor laws, the other jurors would know about this fact and would be prejudiced against this defendant and he would be denied a fair and impartial trial. The trial court overruled this objection and proceeded to impanel a jury from the balance of the panel excluding the jurors who had tried the former case against the defendant.

The question defendant attempted to raise cannot be raised by a challenge to the panel. Section 2659, C. O. S. 1921, provides as follows:

"A challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn, from which the defendant has

suffered material prejudice." Wood v. State, 3 Okla. Cr. 553, 107 Pac. 937; Wadsworth v. State, 9 Okla. Cr. 84, 130 Pac. 808; Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883.

The fact that certain jurors on the panel had previously tried the defendant for a similar offense did not disqualify the entire panel. The record does not disclose the voir dire examination of the jurors, and the record fails to show that the defendant exercised his peremptory challenge, and the trial court in open court made a finding that none of the jurors selected for the trial of the cause had heard any portion of the former trial. The proper procedure was not to challenge the entire panel, but to challenge each juror for cause on his voir dire examination. The defendant having failed to do this, this court cannot say that the court erred in permitting the jurors to serve on the trial of the defendant nor that the defendant was prejudiced thereby.

Defendant next contends that the evidence is insufficient to support the verdict of the jury. Defendant was charged with the sale of whisky to one Bill Pendley. Bill Pendley and Clarence Pendley both testified positively that they purchased a quart of whisky from the defendant. This evidence was sufficient to support the verdict of the jury.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.