## HENRY TROUP v. STATE.

No. A-7885.   Opinion Filed May 9, 1931.
Rehearing Denied May 29, 1931.
(299 Pac. 244.)

Hardin Ballard and Rice & Mitchell, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of McClain county of the unlawful sale of one-half gallon of whisky, and his punishment fixed by the jury at a fine of $130 and imprisonment in the county jail for 75 days.

The evidence of the state was that F. M. Foster, an undercover man working under the direction of the sheriff of McClain county, went to the home of defendant on the evening of June 10, 1929, and bought half a gallon of whisky from defendant, paying him $5 therefor.  This witness is corrborated in all the details, except the actual purchase of the whisky, by Mrs. Ethel Foster, who accompanied the purchaser to defendant's premises.  Defendant, testifying for himself, denied that he sold the whisky,

and denied that he had ever seen the witness until the day before the trial.

Defendant contends, first, that the court erred in failing to quash the jury panel. Section 2659, C. O. S. 1921, provides the grounds of challenge to the panel, and section 2660, C. O. S. 1921, provides the manner of taking such challenge. The record discloses that this motion to quash contains none of the grounds mentioned in section 2659, supra, but is predicated wholly upon the individual disqualification of the jurors because of bias and prejudice of the individual jurors. Defendant's remedy was not by motion to quash, but by challenge for cause to each individual juror. Thereafter defendant examined the jurors upon their voir dire, and the court excused for cause all jurors disqualified on such examination. For a full discussion of these questions, see Burleson v. State, 48 Okla. Cr. 100, 289 Pac. 364.

Defendant next contends that the court erred in overruling his application for a continuance based upon the absence of the witness Mrs. Wyatt. The record discloses that the defendant had no subpoena issued for this witness and exercised no diligence to procure her presence. The court therefore did not err in overruling said application.

The errors of law complained of being without substantial merit, and the evidence supporting the verdict of the jury, the cause is affirmed.

EDWARDS, J., concurs.